IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CURTIS WAYNE DALE SMITH, JR.                                             PLAINTIFF

v.                                         Civil No. 4:24-cv-04019-SOH-BAB

SHERIFF BRYAN MCJUNKINS; and
JAIL ADMINISTRATOR JANA TALLANT                                          DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Voluntarily Dismiss. (ECF No. 24). Defendants responded. (ECF No. 25). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the instant motion to the undersigned for the purpose of making a Report and Recommendation.

### I.   BACKROUND

Plaintiff original filed this matter on February 27, 2024. (ECF No. 1). Plaintiff was granted *in forma pauperis* status on the same day. (ECF No. 3). Plaintiff filed an Amended Complaint on April 15, 2024. (ECF No. 7). Defendants filed an Answer on June 13, 2024. (ECF No. 11). On June 14, 2024, the Court entered an Order staying all discovery until the issue of exhaustion pursuant to the Prison Litigation Reform Act could be determined. (ECF No. 12).

Defendants filed a Motion for Summary Judgment on the sole issue of exhaustion on August 13, 2024. (ECF No. 13). Plaintiff was ordered to respond by September 4, 2024. (ECF No. 16). He failed to file a response, so the Court entered an Order to Show Cause directing Plaintiff to respond by October 21, 2024. (ECF No. 19). Plaintiff filed a Motion to Extend his

1

time to Respond to Defendants' Motion for Summary Judgment on Exhaustion on October 24, 2024. (ECF No. 21). The Court granted Plaintiff's Motion and extended his response deadline to November 15, 2024. (ECF No. 22). Plaintiff failed to file his Response by the extended deadline. The Court entered another Order to Show Cause directing Plaintiff to file his Response no later than December 11, 2024. (ECF No. 23). Plaintiff failed to file his Response.

On December 16, 2024, Plaintiff filed the instant Motion to Voluntary Dismiss. In his Motion, Plaintiff requested to "put the case of 4:24-cv-04019-SOH-BAB on hold until the outcome of these other t[w]o cases because I am responding and doing the case work on both of them and also having to go to work and work my job so will you please put this case on hold until the outcome of the other cases or make it were I can refile it . . . ." (ECF No. 24) (errors in original).

On December 17, 2024, the Defendants filed a Response to Plaintiff's Motion. (ECF No. 25). Defendants stated they "have no objection to Plaintiff's request to voluntarily dismiss this case except that Defendants believe that the dismissal should be with prejudice due to Plaintiff's failure to obey orders of the Court." *Id*. at 2. The Defendants refer to Plaintiff's failure to respond to their Motion for Summary Judgment on Exhaustion despite the Court's order to do so. *Id.* Defendants argue dismissal with prejudice is warranted because Plaintiff failed to obey the Court's orders and prosecute this case. Defendants do not argue they will be prejudiced in any way from a dismissal without prejudice. *Id.*

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure provide for motions seeking voluntary dismissal:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for

independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

It is within the Court's sound discretion to grant or deny a plaintiff's motion to voluntarily dismiss a lawsuit.  *Beavers v. Bretherick*, 227 F. App'x 518, 520 (8th Cir. 2007).  In making its decision, the Court should consider the following factors: "(1) whether the plaintiff has presented a proper explanation for the desire to dismiss; (2) whether the defendant has expended considerable effort and expense in preparing for trial; (3) whether the plaintiff exhibited 'excessive delay and lack of diligence' in prosecuting the case; and (4) whether the defendant has filed a motion for summary judgment."  *Id.* (citing *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)).

Furthermore, "if the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court.  The trial court may grant a Rule 41(a) dismissal without prejudice or may require that the dismissal be with prejudice."  9 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 2367 (2d ed. 1984 & Supp. 2008).

Additionally, since Defendants allege failure to prosecute and obey court orders, the Court will also reference the law on failure to prosecute.  Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

3

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. FED. R. CIV. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

### III.  DISCUSSION

Under either Rule 41(a)(2), or Local Rule 5.5(c)(2) and Rule 41(b), the Court recommends dismissal of Plaintiff's Amended Complaint but does not find dismissal with prejudice is warranted under the circumstances presented here.

4

First under the considerations for voluntary dismissal: (1) Plaintiff explains he requires a dismissal because the time he has to prosecute cases is limited and he is overextended with multiple pending matters and his work detail; (2) Defendants have not spent any time preparing for trial as discovery has been stayed in this matter since the day after Defendants filed their Answer, and Defendants did not assert any prejudice; and (3) while Defendants have filed a Motion for Summary Judgment it was on the sole issue of exhaustion, required no discovery with Plaintiff to prepare, and does not address the merits of Plaintiff's claims. Finally, Defendants do not object to the Court granting Plaintiff voluntary dismissal under Rule 41(a)(2). Accordingly, the Court finds Plaintiff is entitled to voluntary dismissal. *Beavers,* 227 F. App'x at 520.

Next, Defendants objections are based on Plaintiff's failure to prosecute, and their assertion this failure warrants a dismissal with prejudice. The Court disagrees. Had the Court addressed this matter prior to Plaintiff's Motion for Voluntary Dismissal, the Court would have recommended dismissal without prejudice for failure to prosecute. While Plaintiff originally failed to respond to the Court's initial Order to respond, he then requested an extension. Further, while he again missed his extended deadline, he filed the instant motion seeking a voluntary dismissal. Plaintiff is clearly attempting to prosecute or at the least communicate with the Court. The Court does not find Plaintiff's tardiness "egregious conduct." *Rodgers*, 135 F.3d at1219. Nor does the Court find Defendants will be prejudiced in anyway by the dismissal without prejudice here. Defendants have not argued they expended time and resources on discovery or preparing for trial. This case is less than a year old, no discovery has been conducted, and the Motion for Summary Judgment on Exhaustion will be simple enough to reassert should Plaintiff decide to refile the instant claims.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Dismissal (ECF No. 24) is hereby **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

**REFERRAL STATUS: The referral in this case should be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this 3rd day of January 2025.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE